# Downer's Estate.

*Wills—Construction—Intention—Equitable conversion—Next of kin.*

Where a testatrix, after making a specified bequest, appoints an executor "with power to sell as he may think best any realty of which I may die seized, to execute deeds therefor, and to make distribution of the proceeds thereof as personalty, and of all personalty of which I may die possessed to those legally entitled thereto according to the intestate laws of the State of Pennsyl-

vania," the will works an equitable conversion and the court does not err in decreeing a distribution of the property as personalty to the next of kin.

Argued May 11, 1914. Appeal, No. 45, Jan. T., 1914, by David D. Johnson, from decree of O. C. Fayette Co., Jan. T., 1913, No. 39, dismissing exceptions to adjudication in estate of Caroline A. Downer, deceased. Before BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Exceptions to adjudication. Before WORK, P. J.

From the record it appeared that Caroline A. Downer died, leaving the following will:

"I, Caroline A. Downer, of Uniontown, Fayette County, Pennsylvania, hereby make my last will and testament: First: I direct my executor, hereinafter named, securely to invest the sum of Fifteen hundred ($1500.00) Dollars out of my Estate, the interest thereof to be used to keep in repair the Family Cemetery Lot in Oak Grove Cemetery, Uniontown, Pennsylvania, and to keep in proper repair the tomb stones thereon. Second: I appoint David D. Johnson of Uniontown, Pennsylvania, Executor hereof, without bond, and with power to sell as he may think best any realty of which I may die seized, to execute deeds therefor, and to make distribution of the proceeds thereof as personalty, and of all personalty of which I may die possessed, to those legally entitled thereto according to the intestate laws of the State of Pennsylvania. In Witness Whereof, I have hereunto set my hand and seal, this 15th day of January, 1910.          "CAROLINE A. DOWNER (Seal)."

Testatrix left surviving her nine first cousins of the blood of her father and fifteen other first cousins of the blood of her mother. The controversy in this case arose over the distribution of the net proceeds of the sale of certain real estate, title to which testatrix held by de-

scent from her father and from certain of her brothers and sisters in such manner that it retained its character as ancestral property which in case of intestacy would have descended to the heirs who were of the blood of testatrix's father. The auditing judge held that the will worked a conversion into personalty of the entire real estate and awarded the fund to the twenty-four first cousins in equal shares. The nine first cousins ex parte paterna, of whom the appellant, David D. Johnson, was one, filed exceptions to the adjudication, claiming the whole fund as real estate. The court dismissed the exceptions. David D. Johnson appealed.

*Error assigned,* among others, was in dismissing the exceptions.

*W. J. Sturgis,* of *Reppert, Sturgis & Morrow,* with him *Charles A. Tuit* and *Lee Smith,* for appellant.

*D. M. Hertzog,* for appellees.

PER CURIAM, May 22, 1914:

The clearly expressed intention of the testatrix is that her entire estate is to be distributed as personalty. After authorizing her executor to sell any real estate of which she may die seized, her explicit direction is that the proceeds of the sale of the same shall be distributed as personalty "to those legally entitled thereto according to the intestate laws of the State of Pennsylvania." The learned court below correctly held that "all of the essentials of an equitable conversion are set forth in this will."

Decree affirmed at appellant's costs.